UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELOISA C. LAROCCA** | **CIVIL ACTION** |
| **VERSUS** | **NO:    13-4748** |
| **JOSEPH R. LAROCCA** | **SECTION: "B" (4)** |

<u>**ORDER**</u>

Before the Court is Plaintiff's **Motion for Leave to File First Supplemental and Amended Complaint (R. Doc. 13)**, seeking leave of court to file its first amended and supplemental complaint to reflect recently discovered facts, and to add an additional defendant, Daniel J. Sensebe ("Defendant Sensebe") (R. Doc. 13, p. 1. ). The motion is unopposed. The underlying motion was heard on the briefs on December 4, 2013.

**I.    Background**

Plaintiff, Eloisa C. Larocca ("Ms. LaRocca") filed this action on June 7, 2013, seeking damages against her ex-husband, Defendant, Joseph R. LaRocca ("LaRocca") who allegedly entered her home along with Sensebe, a friend of Joe LaRocca, and another man during her absence in July 2011 while she was visiting a relative during the Fourth of July holiday. (R. Doc. 13-2, ¶ 10,12, and 13). During their divorce proceeding which was filed by LaRocca ten days after he entered Ms. LaRocca's home, she began to get the impression that her ex-husband had access to her attorney client communication strategies.  Thereafter, she had a computer expert examine her home computer, and he determined that her home computer had been compromised.

Discovery conducted during the divorce proceeding later revealed that her ex-husband

purchased a program from SPECTORSOFT, the maker of eBlaster. (R. Doc. 13-2, pp. 5-7). eBlaster is a computer internet monitoring software designed for corporations which creates a complete record of personal computers and internet activity. *Id.* It automatically captures and permits review of emails sent and received, chat conversations, instant messages, file downloads, websites visited applications, launched and keystrokes typed. It takes snap shots and creates the equivalent of a digital surveillance tape so that the sequence of everything done on the computer can be seen. *See* (http://www.eBlaster.com)

After confirming that her husband purchased spyware, Ms. LaRocca, retained a computer forensic expert who not only confirmed the presence of eBlast on her computer but also located the email address to which the software would transmit all of the intercepted data. The expert determined that the email address was registered to Mr. LaRocca's friend, Sensebe's son. (R. Doc. 13-2, p. 7, ¶23-26). Ms. La Rocca alleges that her ex-husband was given access to this email address. Further, the forensic expert determined that the encrypted password to the program installed on her computer was "joe2286" indicative of the first name of her ex-husband along with the last four digits of his cell phone number. *Id.*

As a result of the conduct of her ex-husband, his friend and an unidentified third party, Ms. La Rocca's communications were allegedly unlawfully intercepted and transferred for a four and a half month period to Sensebe's son's email account in violation of the Federal Electronic Communications Privacy Act. Consequently, Ms. LaRocca seeks to recover damages including punitive damages, court costs, attorneys fees and expenses. (R. Doc. 1, p. 1-2).

As to the instant motion, Plaintiff seeks to amend her initial complaint to add Sensebe as a defendant who assisted her husband in gaining access to her home, and who's son's email address was used to receive the surreptitiously obtained electronic communications. (R. Doc. 13-2, p. 2, ¶ 4, 23).

## II. **Standard of Review**

Federal Rules of Civil Procedure ("Rule") 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so requires." Rule 15(a)(2). This, and other federal rules, "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). Furthermore, "this 'policy' is strongest when the motion challenged is the first motion to amend." *Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir. 1981). Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. *Id*.

Leave to amend is by no means automatic, but is within the sound discretion of the trial court. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). In exercising its discretion, the trial court must determine that there is a "substantial reason" for the delay. *Mayeaux v. Louisiana Health Service and Indemnity Co.*, 376 F.3d 420, 425 (5th Cir. 2004). The Court may consider such factors as (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of the amendment. *Gregory v Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

## III. **Analysis**

In determining whether or not granting leave to amend is proper, the Court analyzes the *Gregory v. Mitchell* factors. The factors are: (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue

prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of the amendment. *Id.*

### A. Undue Delay, Bad Faith, Dilatory Motive of Movant

The first factor the court considers when determining whether or not to grant leave to amend pursuant to 15(a) is whether the amendment will cause an undue delay, is in bad faith, or that the movant has some dilatory motive in filing the motion.

The Fifth Circuit has indicated that "[a] litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend. Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson v. Polley*, 698 F.2d 562, 584 (5th Cir. 1982) (finding that delay of four months between time pro se attorneys were assigned to case and time second amended complaint was filed did not warrant denial of motion to amend).

On the other hand, the bare fact that an amendment is filed within the confines of the Court's Scheduling Order does not alone make a claim timely. *See Mayeaux,* 376 F.3d at 427. Instead, the Court must look to the "procedural posture" of the case to determine whether the delay actually prejudices the nonmovant. *See id*. at 426-27 ("The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court.") (emphasis in original). The Fifth Circuit has held that when leave to amend would cause severe prejudice to defendants, it should be denied. *Mayeaux,* at 427; *Smith v. RMC Corp.,* 393 F.3d at 595-97 (5th. Cir. 2004).

At the time of Plaintiff's filing of the instant motion, no scheduling order has been issued in this matter, therefore no deadlines have been set. As such, Plaintiff's motion is timely filed. Because no deadlines are set, there is not likely any undue delay or bad faith on Plaintiff's part in filing her amended complaint. Lastly, Defendants' have failed to oppose the motion and provide reasons why permitting Plaintiff's filing would cause an undue delay or that she has a dilatory motive or strategy

behind her filing. Therefore, the Court finds that this factor weighs in favor of permitting leave to amend.

### B.      Repeated failure to cure deficiencies by amendments previously allowed

The second factor the court considers when determining whether or not to grant leave to amend pursuant to 15(a) is whether the party has previously filed repeated amendments before filing the instant motion.

Courts in the Fifth Circuit have found that where a party has been given multiple opportunities to cure a defect, denial of a 15(a) motion is proper. *See, e.g., Price v. Pinnacle Brands, Inc.,* 138 F.3d 602, 607-08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint).

This is Plaintiffs's first motion for leave to amend its complaint. There has not be been a "repeated" failure of the Plaintiffs to amend or "cure" alleged defects in its pleading, therefore, this factor weighs heavily in favor of granting the proposed amendments.

### C.     Undue prejudice to the opposing party by virtue of allowance of the amendment

The third factor the court considers when determining whether or not to grant leave to amend pursuant to 15(a) is whether the amendment will cause an undue prejudice to the opposing party.

The Fifth Circuit has cautioned that amendments should not be permitted where they would "fundamentally alter the nature of the case." *Hebert v. Specialized Environmental Resources, LLC,* 2013 WL 1288219, at *4 (E.D. La. Mar. 23, 2013); *In re American International Refinery, Inc.*, 676 F.3d 455, 467 (5th Cir. 2012) (noting that new allegations of fraud in bankruptcy proceeding would have "fundamentally altered" the nature of a case which had previously been limited to determination of whether one party possessed a conflict of interest warranting disgorgement of monies paid); *Mayeaux*, 376 F.3d at 427–28 (finding that complaint would be "fundamentally

altered" where proposed amendment would destroy jurisdiction and "effectively reconstruc[ed] the case anew.").

Here, Plaintiff's amended complaint alleges virtually identical violations of the Electronic Communications Privacy Act, or 18 U.S.C. § 2510, *et seq.,* as her initial complaint, but seeks to add Daniel J. Sensebe as co-defendant for his assistance in helping Larocca allegedly obtain unlawful access into Ms. Larocca's home, and because his son's email address was used to receive the surreptitiously obtained electronic communications. (R. Doc. 13-2, p. 2, ¶ 4, 23, 24).

She also provides more factual details in support of the claims she stated in her initial complaint, due to an additional investigation of the facts since the time of her filing of the initial complaint. As such, the Court finds that permitting Plaintiff's amended complaint will not be unduly prejudicial to the Defendant. Therefore, the Court finds that this factor weighs in favor of granting leave to amend the complaint.

### D. Futility of the amendment

The fourth factor the court considers when determining whether or not to grant leave to amend pursuant to 15(a) is whether the amendment, and or potential new claims are futile. Here, because Plaintiff's allegations in both complaints are virtually identical, and seeks mainly to provide further factual support and the addition of a defendant who may also potentially be liable to her for damages, the Court finds that the filing of Plaintiff's amended complaint is not futile.

In conclusion, the Court finds that all four factors weigh in favor of granting leave to amend Plaintiff's complaint.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff, Eloisa Larocca's **Motion for Leave to File First**

**Supplemental and Amended Complaint (R. Doc. 13)** is **GRANTED**.

The Clerk is directed to file the attached proposed amended complaint into the record.

New Orleans, Louisiana, this 9th day of December 2013

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**