**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**ELOISA C. LAROCCA**                                    **CIVIL ACTION**

**VERSUS**                                               **NUMBER: 13-4748**

**JOSEPH R. LAROCCA, ET AL**                             **SECTION: "B"(4)**


## ORDER AND REASONS

Following the hearing with oral arguments on Defendants' opposed Motions to Dismiss (Rec. Doc. Nos. 7, 8, 20, 25), the conversion of same to Motions for Summary Judgment, consideration of post-hearing briefs from parties including Plaintiff's opposed Motion for Summary Judgment (Rec. Doc. Nos. 31, 32, 35, 36), **IT IS ORDERED** that all parties' motions are **DENIED**.[1]

Plaintiff, Eloisa LaRocca (hereinafter "Mrs. LaRocca"), filed suit for damages from Joseph LaRocca (hereinafter "Mr. LaRocca") under 18 U.S.C. § 2510, the federal Electronic Communications Privacy Act (ECPA)[2] on June 7, 2013. (Rec. Doc. No. 1). Mrs. LaRocca and Mr. LaRocca formerly were married as

---

[1] Plaintiff has voluntarily dismissed Daniel J. Sensebe as a Defendant. Accordingly, the motion filed by Mr. Sensebe is dismissed as **moot**. (Rec. Doc. No. 34)

[2] The ECPA was enacted to update the federal Wiretap Act in light of dramatic changes in new computer and telecommunications technologies. *Sen Rep. No. 99-541*. 99th Cong., 2d Sess. at 1, *reprinted in* 1986 U.S.C.C.A.N. 3555.

husband and wife. In or about May 2011, while residing together, Mr. LaRocca filed for divorce. The LaRoccas are currently in protested divorce proceedings. In Mrs. LaRocca's original complaint she alleges that Mr. LaRocca installed spyware onto her computer without her knowledge in violation of the ECPA.

Mr. LaRocca filed a 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted on September 16, 2013 (Rec. Doc. No. 7). Mrs. LaRocca filed a memorandum in opposition to Mr. LaRocca's motion on October 22, 2013. (Rec. Doc. No. 8). Subsequently, Mrs. LaRocca filed an amended and supplemental complaint on December 9, 2013. (Rec. Doc. No. 16).

Mr. LaRocca contends that the ECPA is not designed to apply to a husband's interception of e-mails secretly sent and received by his wife to and from her male "paramour" from a computer owned by the husband while the parties are living together as husband and wife. Mr. LaRocca cites the case of *Simpson v. Simpson*, 490 F.2d 803 (5th Cir. 1974) in which the Fifth Circuit held that Title III, the Federal Wiretap Act, was not designed to apply to a husband's actions in wiretapping his wife's phone calls without her permission or knowledge. He also disputes Plaintiff's claims that the computer was her separate property, and her claims of privacy to emails stored in that computer.

In response, Mrs. LaRocca contends that (1) the complaint states a cause of action under the ECPA, (2) there is no spousal immunity applicable to her claim, because *Simpson* does not apply to the case at bar as the facts are too dissimilar, (3) the computer was her separate property and (4) she revoked her permission that gave Mr. LaRocca access to her password protected email account on the computer prior his installation of spyware software on that computer.

**Law and Analysis:**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory

3

responses, admissions, or other evidence to establish a genuine issue. *Id*. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc*. 7 F.3d 1203, 1207 (5th Cir. 1993).

Mr. LaRocca's defense is based in part, on the inter-spousal exception to the federal Wiretapping Act pronounced in *Simpson*. In *Simpson*, the Fifth Circuit held that Title III of the Federal Wiretap Act was not designed to apply to a husband's actions in wiretapping his wife's phone calls without her permission or knowledge. The court held that these purely personal actions were not contemplated or intended by Congress to be the subject of federal litigation. *Simpson*, 490 F.2d at 808. In years since, many courts have ruled in line with *Simpson*. *See Anonymous v. Anonymous*, 558 F.2d 677 (2d Cir. 1977) (Title III does not apply between spouses). *Simpson* has also been rejected by many jurisdictions, and has received significant negative treatment. *Glazner v. Glazner*, 347 F.3d 1212 (11th Cir. 2003). However, the case is still valid and controlling in the Fifth Circuit. *Kirkland, et al v. Franco*, 92 F. Supp. 2d 578 (5th Cir. 2000) as acknowledged by parties here. In *Kirkland* Judge Fallon followed federal law under *Simpson* but made an *Erie* guess that Louisiana's Electronic Surveillance Act does not create an interspousal exception under that state law. 92 F. Supp. 2d 578 (EDLA 2000).

4

**Simpson Opinion**

In *Simpson*, a husband obtained a device for recording telephone conversations and attached the device to telephone lines within his home, leading to intercepted conversations between his wife and another man. *Simpson*, 402 F.2d at 804. The Fifth Circuit conducted an examination of legislative history of the Federal Wiretap Act and determined that Congress did not intend to intrude on the private matters between husband and wife. *Id.* at 809. The court in *Simpson* itself expressed doubts about its decision and stated that it was limited to the set of facts before them, stating "As should be obvious from the foregoing, we are not without doubts about our decision." *Simpson*, 402 F.2d at 808.

**Distinguishing *Simpson***

The facts of the present case are similar in some aspect to those of *Simpson*. Here, Mr. LaRocca was still married to Mrs. LaRocca when he intercepted her communications. However, there are differences to be drawn between the facts in *Simpson* and the facts in the instant case. For example, the LaRoccas had already commenced divorce proceedings before the spyware enabled interceptions occurred, and the device containing spyware software was a personal computer, not a telephone. The LaRoccas appeared to be sharing a residence at the time Mr. LaRocca installed that software onto the personal computer.

5

The most important distinctions being (1) that the divorce petition had been filed before spyware installation and interception of emails in the current case occurred, and (2) the kind of information being collected was dissimilar. In *Simpson*, the husband was listening to his wife's telephone conversations to ascertain whether she was being faithful. *Id*. at 804. Mr. LaRocca's spyware allowed him to access, among other things, privileged communication between Mrs. LaRocca and her divorce attorney – not simply evidence of her unfaithfulness in their marriage. The Court in *Simpson* reasoned that Congress did not intend as a basic premise to intrude on the private matters between husband and wife. However the facts in the instant case do not represent the kind of private marital issues that the Court in *Simpson* had in mind when they established the interspousal exception. This is more comparable to one litigant accessing unfiltered all communications of an opposing party than simply accessing non-priviledged evidence of spousal discord. The fact that the parties were still technically married by virtue of their divorce not yet being final does not make the facts substantially similar to *Simpson*.

In *Simpson* the husband was listening in on telephone conversations with a specific potential witness, whereas here Mr. LaRocca collected <u>all</u> data including e-mails, instant messages, files downloaded onto her computer, online search

activity, and any activity on social media sites. (Rec. Doc. No. 16, at 6). The information gained through wiretapping a computer is different and broader in scope than information gained through listening in on phone calls between targeted witnesses. By virtue of how the two technologies are used and what information can be collected, the distinctions drawn therefrom tend to erode the increasingly discredited conclusions in *Simpson*.

Additionally, this Court has distinguished cases with similar facts as the case at bar from *Simpson*. *Gaubert v. Gaubert*, 1999 U.S. Dist. LEXIS 324 (E.D.La. 1999)(Mentz, J.). In *Gaubert* a husband attached a wiretapping device to the phone line within the marital home after the couple had filed for divorce. Judge Mentz distinguished facts from *Simpson* on the basis of the parties' decaying marriage alone. *Id*. Here, the Court rules similarly that the end of the marriage changes the analysis. Additionally, the added layers of differing facts regarding the type of information usurped, the technology involved, and the motivation for intercepting further suggest *Simpson* is inapplicable to the instant case. See also *Kirkland*, *supra*, for a good review of the erosion of the foundation in *Simpson* for the spousal exception to the ECPA.

As noted earlier, the *en banc* Eleventh Circuit in *Glazner* found no spousal immunity with facts that mirror the case at

7

bar: a husband listened in on phone conversations within the marital home between his wife and third parties after divorce proceedings had begun. *Glazner*, 347 F.3d 1212. That strong persuasive support leads this writer to suspect similar results are likely to continue in other jurisdictions.

The Fifth Circuit specifically limited its holding to the specific facts of *Simpson*. *Simpson*, 420 F.2d at 810. Because the Fifth Circuit explicitly warned against extrapolating the holding of *Simpson* to cases at all factually different, the Court is reluctant to find that inter-spousal immunity applies in this case which is so unlike *Simpson*. To reiterate, it appears (1) divorce proceedings were pending, (2) the motivation for wiretapping was different, (3) the kind of data was different, and (4) the information being collected would not be limited to non-privileged evidence of adultery, but also improper access to attorney-client privileged communications.

However, the immunity and other contested defenses might apply in a different context at trial. Mr. LaRocca's proof when compared to proof submitted by Mrs. LaRocca, thus far, draws into serious question (1) whether the computer was her separate property, (2) whether she had a reasonable expectation of

privacy, and, moreover (3) whether she effectively waived such a right.[3]

Given each side's conflicting material evidence, we are constrained to deny all pending motions for summary judgment in deference to trial on the merits to weigh credibility of all parties' evidence.[4]

New Orleans, Louisiana, this 26th day of September, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

[3] We are further concerned by the alleged refusals to produce requested discovery on asserted claims. If parties expect timely resolution, they should act accordingly or suffer the consequences flowing from their failures.

[4] This ruling was reached with some misgivings about federalizing an issue that eventually requires this Court to interpret state laws about the matrimonial regime, creating a real potential for inconsistent state and federal rulings about same.