## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

ELOISA C. LAROCCA                                CIVIL ACTION

VERSUS                                           NO. 13-4748

JOSEPH R. LAROCCA AND                            SECTION "B"(4)
DANIEL J. SENSEBE

### ORDER AND REASONS

### I.    NATURE OF THE MOTION AND RELIEF SOUGHT

Before the Court is Defendant, Joseph R. LaRocca's, Motion for Summary Judgment.[1] Plaintiff, Eloisa C. LaRocca has filed an opposition.[2] The motion, set for submission January 21, 2015, is before the Court without oral argument. Accordingly, and for the reasons enumerated below,

**IT IS ORDERED** that the Motion for Summary Judgment (Rec. Doc. No. 44) is **DENIED.**

### II.   FACTS AND PROCEDURAL HISTORY

On June 7, 2013, Plaintiff, Eloisa C. LaRocca (hereinafter "Plaintiff"), filed suit for damages from Joseph LaRocca[3] (hereinafter "Defendant") under 18 U.S.C. § 2510, *et seq.*, the federal Wiretap Act, as amended by the Electronic Communications Privacy Act (ECPA).[4] Mrs. LaRocca and Mr. LaRocca formerly were

---

[1] Rec. Doc. No. 44.
[2] Rec. Doc. No. 46.
[3] Plaintiff has voluntarily dismissed Daniel J. Sensebe as a Defendant.  Rec. Doc. No. 34.
[4] Rec. Doc. No. 1..

married as husband and wife.[5] In or about May 2011, while residing together, Defendant filed for divorce.[6] In the original complaint, Plaintiff alleges that, by use of the eBlaster spyware program, the "Defendant unlawfully intercepted and transferred the private communications and computer activities" of Plaintiff to an email address, in violation of the ECPA.[7]

## III.   LAW AND ANALYSIS

Defendant moves for summary judgment, arguing that Plaintiff "cannot demonstrate with sufficient summary judgment evidence that the software installed on her computer by Defendant continuously transmitted any intercepted communications as required to state a claim" under the ECPA.[8] Defendant contends that unless the eBlaster spyware, which indicated that reports would be sent every sixty (60) minutes, also "created a concurrent report with each communication, then it would have been created from stored communications and therefore use of the eBlaster software would fall outside the purview of the ECPA."[9]

---

[5] Rec. Doc. No. 1 at 2.
[6] Rec. Doc. No. 1 at 2.
[7] Rec. Doc. No. 1 at 6.
[8] Rec. Doc. No. 1 at 1.
[9] Rec. Doc. No. 44-1 at 2.

A. *Summary Judgment Standard of Review*

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 749 (5th Cir. 2002). The proponent of the motion bears the burden of showing a lack of evidence to support his opponent's case. Fed. R. Civ. P. 56(c); *Stauffer v. Gearhart*, 741 F.3d 574, 582 (5th Cir. 2014).

A genuine dispute of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC & R. Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013). A party cannot "defeat summary judgment with conclusory allegations, unsubstantial assertions, or 'only a scintilla of evidence.'" *Celtic Marine Corp. v. James C. Justice Companies, Inc.*, 760 F.3d 477, 481 (5th Cir. 2014); *TIG Ins. Co.*, 276 F.3d at 759.

B. *The Wiretap Act and Title I of the ECPA*

In 1986, Congress passed the Electronic Communications Privacy Act (ECPA), Pub.L. No. 99-508, 100 Stat. 1848. *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 874 (9th Cir. 2002).

Title I of the ECPA ("Title I") amended the federal Wiretap Act, which previously addressed only wire and oral communications, to "address the interception of... electronic communications."[10]

The Wiretap Act, 18 U.S.C. § 2511(1)(a)("Act"), proscribes "intentionally intercept[ing]...any wire, oral, or electronic communication," unless the intercept is authorized by court order or other exceptions. An "electronic communication" is defined as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in party by a wire...system." 18 U.S.C. § 2510(12). **"Intercept" is defined as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device.** *Id.* § 2510(4).

In *Steve Jackson Games, Inc. v. United States Secret Service*, 36 F.3d 457 (5th Cir. 1994), the Fifth Circuit held that the government's acquisition of email messages stored on an electronic bulletin board system, but not yet retrieved by the intended recipients, was not an "interception" under the Wiretap Act.

The court noted that the word "intercept" could not describe the exact same conduct with respect to wire and

---

[10] *Sen Rep. No. 99-541*. 99th Cong., 2d Sess. at 1, reprinted in 1986 U.S.C.C.A.N. 3555.

electronic communications, because wire and electronic communications were defined differently in the statute. Specifically, the term "wire communication" was defined to include storage of the communication, while "electronic communication" was not. *Id*. at 461.

Thus, the court concluded that this textual difference evidenced Congress' understanding that, although one could "intercept" a wire communication in storage, one could not "intercept" an electronic communication in electronic storage. *Id*. at 462.[11] By including the electronic storage of wire communications within the definition of such communications but declining to do the same for electronic communications, **Congress sufficiently evinced its intent to make acquisitions of electronic communications unlawful under the Wiretap Act only if they occur contemporaneously with their transmission.**" *Id*. at 463-64; *Wesley Coll. V. Pitts*, 974 F.Supp. 375, 386 (D.Del. 1997), *aff'd*, 172 F.3d 861 (3d Cir. 1998); *see United States v. Reyes*, 922 F.Supp. 818, 836 (S.D.N.Y. 1996); *Bohach v. City of*

---

[11] "Electronic storage" is defined as: (A) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission therefore; and (b) any storage of such communication by an electronic communication service for purpose of backup protection of such communication. 18 U.S.C. § 2510(17).

*Reno*, 932 F.Supp. 1232, 1236-37 (D.Nev. 1996)(requiring acquisition during transmission).[12]

The narrow issue before the Court is: whether the unauthorized installation of spyware, which collects and reports email and activity on Plaintiff's computer, constitutes an 'interception' of an electronic communication as prohibited by 18 U.S.C. § 2511(1)(a).

<u>Whether Plaintiff's Emails and Computer Activity may have been Intercepted by the eBlaster Spyware within the Meaning of Title I of the ECPA</u>

As the preceding exercise in ECPA interpretation demonstrates, Plaintiff can only receive a favorable judgment against Defendant under Title I, if she can show that the eBlaster spyware program contemporaneously acquired her emails and other computer activity during transmission and before they were placed in electronic storage, *i.e.* with the intended recipients. *Steve Jackson Games, Inc.,* 36 F.3d at 463; *Wesley College*, 974 F.Supp. at 389.

Defendant urges an even narrower definition than the Fifth Circuit's understanding of the term 'intercept.' It is clear that the use of a device such as eBlaster to acquire electronic

---

[12] Congress has since amended the Wiretap Act to eliminate "storage" from the definition of "wire communication." *See* USA PATRIOT ACT § 209, 115 Stat. at 283, such that the textual distinction relied upon by the Fifth and Ninth Circuits no longer exists. However, the amendment leaves the Fifth Circuit's conclusion on electronic communications intact.[12] Acquisition of email messages stored on an electronic system, but not yet retrieved by the intended recipients, is not an interception under the Wiretap Act. *Konop,* 302 F.3d at 876.

information is within the scope of Title I and the Wiretap Act. 18 U.S.C. § 2510(4). The focus of whether acquisition via such device constitutes an "interception" within the meaning of the Act is on the acquisition itself and the timing. The creation of a simultaneous report with every communication is not required under the Act; a violation of Title I can occur where one acquires an electronic communication at or around transmission. *Steve Jackson Games, Inc.,* 36 F.3d at 463. Thus, the fact that summary reports were set by Defendant to occur every hour is irrelevant to the inquiry. The Court views the contemporaneous collection of the information alone, as falling squarely within the meaning of the statute. This is supported by the fact that Defendant's argument collapses, if in addition to collecting data through eBlaster, Defendant also received an immediate forwarding of each email and communication, which Plaintiff claims he could and did receive.[13]

On the summary judgment record before the Court, the Court hesitates to conclusively or prematurely determine the full capabilities of the eBlaster program as allegedly employed in this case. However, it appears to the Court, that it is undisputed that the spyware program can collect data. Further, accordingly to Plaintiff, the eBlaster spyware "does not retrieve anything from storage. Rather, it works by continuously

---

[13] Rec. Doc. No. 46 at 2.

and contemporaneously capturing incoming and outgoing emails, chat and instant messages, keystrokes typed, websites, visited, programs launched and peer-to-peer (P2P) files downloaded," an assertion Plaintiff bases on the eBlaster product description.[14] Thus, the Court declines to enter summary judgment in favor of Defendant.


**IV.   CONCLUSION**

    Accordingly, and for the reasons enumerated above,

    **IT IS ORDERED** that the Motion for Summary Judgment (Rec. Doc. No. 44) is **DENIED.**

    New Orleans, Louisiana, this 22nd day of January, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[14] Rec. Doc. No. 46-1 at 1-7 ("Exhibit 1").