**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ELOISA C. LAROCCA**                                    **CIVIL ACTION**

**VERSUS**                                               **NO. 13-4748**

**JOSEPH R. LAROCCA, ET AL.**                            **SECTION "B"(4)**

**ORDER AND REASONS**

Before the Court is Eloisa LaRocca's (hereinafter "Plaintiff" or "Ms. LaRocca") motion for a new trial. (Rec. Doc. No. 86). Plaintiff seeks a new trial on the grounds that the jury's verdict was against the great weight of the evidence and that the Court committed prejudicial error. (Rec. Doc. No. 86-2 at 1, 4). Joseph LaRocca (hereinafter "Defendant" or "Mr. LaRocca") filed a memorandum in opposition. (Rec. Doc. No. 87). For the reasons enumerated below,

**IT IS ORDERED** that the motion is **DENIED**.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On June 7, 2013, Ms. LaRocca filed suit against her former husband, Joseph LaRocca, under the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510, *et seq*. Ms. LaRocca alleges that the Defendant willfully and intentionally used eBlaster spyware to access and intercept her private communications in violation of Title I of the ECPA, commonly referred to as the Wiretap Act. 18 U.S.C. § 2511(1).

Plaintiff and Defendant were married on March 3, 2000. Both parties acknowledge that they experienced marital difficulties, including allegations of infidelity by both spouses, which resulted in a separation in late 2010. In the spring of 2011, the parties resumed living together. During this period of reconciliation, the Defendant contends that plaintiff agreed to provide him with her email password, allowing him legal right of access to her email account. Plaintiff concedes that she provided him with the password, but alleges that there was a mutual agreement to exchange cell phone, email, and other passwords. Nevertheless, allegations of infidelity arose again soon after the reconciliation. Plaintiff claims that she changed her email password on June 3, 2011 after learning of continued infidelity by Mr. LaRocca. He contends that she never changed the password.

On June 29, 2011, Defendant filed for divorce, but the parties continued to live in the same house while sleeping in different bedrooms. Roughly two days after filing for divorce, Defendant admittedly purchased eBlaster electronic spyware and installed it on a home computer. He alleges that the home computer was community property, and that Plaintiff's knowledge of his use of the computer waived any expectation of privacy she may have had in it. Conversely, Plaintiff alleges that the computer in question was her separate property as it was a gift from her brother—a fact which Defendant does not contest—and that, as a result, she had a

right to privacy in the computer. Defendant contends that his installation of the software was consistent with his administrator level access to the computer and his legal access to Plaintiff's email account pursuant to the exchange of passwords.

Following the installation of the spyware, Plaintiff alleges that all of her emails and other computer activity were forwarded to Defendant, including emails between she and her attorney relating to the divorce and community property litigation. At the end of November 2011, Mr. LaRocca was granted occupancy of their home. Plaintiff then moved out and took the computer with her. Approximately one year later, Plaintiff had the computer forensically examined and discovered the spyware. A judgment of divorce was granted on June 19, 2012.

A two-day jury trial commenced on September 28, 2015. On September 29, the jury returned a verdict in favor of Defendant, finding that Joseph LaRocca did not violate the ECPA through the unauthorized interception of emails and other computer activity of Eloisa LaRocca. (Rec. Doc. No. 80-4). This Court entered judgment in favor of Defendant on September 30, 2015. (Rec. Doc. No. 84).

II. **THE PARTIES' CONTENTIONS**

Plaintiff seeks a new trial on two grounds. First, she contends that the jury's verdict was against the great weight of the evidence. (Rec. Doc. No. 86-2 at 1). Specifically, she maintains that the evidence presented at trial clearly

demonstrated that Mr. LaRocca installed eBlaster spyware on her computer without her authorization, thereafter intercepting her emails in violation of the ECPA. (Rec. Doc. No. 86-2 at 2). Additionally, she claims that a new trial is warranted based on prejudicial error. (Rec. Doc. No. 86-2 at 4). Ms. LaRocca argues that this Court's denials of Plaintiff's counsel's requests to re-examine the Defendant and to re-call Plaintiff as a witness were "unquestionably prejudicial." (Rec. Doc. No. 86-2 at 4-5).

Defendant's opposition maintains that neither of Plaintiff's purported grounds supports the granting of a new trial. He maintains that the weight of the evidence does not support a new trial as Plaintiff simply lost a credibility contest with the jury. Furthermore, Defendant contends that, even if this Court did commit error, Plaintiff has not adequately demonstrated the prejudicial effect of such an error. Accordingly, Defendant urges this Court to deny the motion for a new trial.

### III. LAW AND ANALYSIS

Rule 59 of the Federal Rules of Civil Procedure provides that "[t]he court may . . . grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed R. Civ. P. Rule 59(a)(1). Though "[t]he rule does not specify what grounds are necessary to support such a decision," the United States Court of Appeals for the Fifth Circuit has found

that a new trial is justified if "the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (internal citations omitted). Plaintiff argues that a new trial is warranted because the verdict was against the weight of the evidence and the court committed prejudicial error.

### a. Whether the Verdict was Against the Weight of the Evidence

"A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence." *May v. Globalsantafe Drilling Co.*, 2007 WL 2728482, No. 03-3539, at *1 (E.D. La. Sep. 14, 2007) (citing *Williams v. Chevron U.S.A., Inc.*, 875 F.2d 501, 505 (5th Cir. 1989)). "When all evidence is viewed in the light most favorable to the jury's verdict, the verdict must stand unless the evidence points 'so strongly and overwhelmingly in favor of one party that the court believes reasonable persons could not arrive at a contrary conclusion.'" *Id.* (quoting *Jones v. WalMart Stores, Inc.*, 870 F.2d 982, 987 (5th Cir. 1989)). The movant maintains that the jury erred by finding in favor of Mr. LaRocca. (Rec. Doc. No. 86).

One way to violate the ECPA is to intentionally intercept another's electronic communications, such as emails. *See* 18 U.S.C. § 2511. Under the ECPA, "intercept" means the acquisition of the

contents of any electronic communication through the use of an electronic, mechanical, or other device. 18 U.S.C. § 2510(4). However, no such violation occurs when the alleged victim consented to the interception. 18 U.S.C. § 2511(2)(d). The voluntary relinquishment of one's email password can constitute consent or authorization to intercept emails. *See Klumb v. Goan*, 884 F. Supp. 2d 644, 663 (E.D. Tenn. 2012) ("If she had his consent to intercept his emails and forward them to her Yahoo account, he would have given her his email password.").

Movant points to the following evidence adduced at trial to support her argument that a violation did in fact occur: (1) that Mr. LaRocca admitted purchasing the spyware and installing it on the computer; (2) that Mr. LaRocca never obtained permission to install the spyware; (3) that he admittedly accessed her emails through eBlaster; and (4) that Ms. LaRocca had changed her email password, thus withdrawing her authorization, previously given, for Mr. LaRocca to read her emails. (Rec. Doc. No. 86-2 at 2). Defendant asserts that Plaintiff lacked credibility when testifying about when and whether she changed her email password and withdrew her authorization, leading the jury to find in his favor. (Rec. Doc. No. 87 at 2). Ms. LaRocca's answers during her testimony were consistently evasive and vague. Therefore, a reasonable jury could certainly have doubted her credibility and believed that she never revoked her consent for Mr. LaRocca to

view her emails or believed that she did so after he had obtained the emails via the spyware.[1] Accordingly, the jury's verdict—that Mr. LaRocca did not violate the ECPA by the unauthorized interception of emails—was not against the great weight of the evidence.

### b. Whether the Court Committed Prejudicial Error

Plaintiff also urges the Court to grant a new trial based on alleged prejudicial errors committed by the Court during trial. Plaintiff maintains that the Court committed the following errors: (1) refusing to permit Plaintiff to cross-examine Mr. LaRocca following defense counsel's questioning of him during Plaintiff's case-in-chief;[2] and (2) refusing to permit Plaintiff's counsel to re-call Ms. LaRocca as a rebuttal witness after the defense rested without calling any witnesses. (Rec. Doc. No. 86-2 at 4). Plaintiff claims that these alleged errors were "unquestionably prejudicial, as Joseph LaRocca's testimony was replete with multiple demonstrable falsehoods." (Rec. Doc. No. 86-2 at 5).

However, Plaintiff never specifies what those falsehoods were, nor does she explain what she might have adduced on re-examination so as to render her inability to do so prejudicial. Furthermore, this Court is vested with discretion to control the

---

[1] Though the jury did not reach its verdict on consent grounds, the evidence certainly supports such a finding.
[2] At trial, the Court required defense counsel to call Mr. LaRocca and conduct his direct examination out of turn, before Plaintiff rested, because Plaintiff had no other witnesses available to testify at that time.

mode and order of examining witnesses in order to effectively determine the truth, avoid wasting time, and protect witnesses from harassment and undue embarrassment. Fed. R. Evid. 611. The Court invoked that discretion to avoid wasting time, and Plaintiff has failed to demonstrate, in any credible manner, how that decision prejudiced her. Consequently, no prejudicial error occurred.

**IV.   CONCLUSION**

The jury had ample evidence to conclude that Ms. LaRocca authorized Mr. LaRocca's interception of her emails by providing him with her password. Therefore, the jury's verdict in favor of Mr. LaRocca was not against the great weight of the evidence. Additionally, Plaintiff has failed to demonstrate any prejudicial error by this Court in its handling of the examination of witnesses. As a result,

**IT IS ORDERED** that Plaintiff's motion for a new trial is **DENIED.**

New Orleans, Louisiana, this 14th day of December, 2015.

UNITED STATES DISTRICT JUDGE